☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Information associated with the following email<br>addresses: bettersalesoffice@gmail.com,<br>bettersalesllc@gmail.com & hashtagfilthy@gmail.com | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.   21-1017M(NJ)<br>**Matter No.: 2020R00261** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, over which this Court has jurisdiction pursuant to 18 U.S.C. §§ 2703 and 2711 and Federal Rule of Criminal Procedure 41.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    December 27, 2021    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    December 13, 2021 at 11:30am _____     *Nancy Joseph* _____
                                                                      *Judge's signature*

City and state:    Milwaukee, Wisconsin            Hon. Nancy Joseph, U.S. Magistrate Judge
                                                                      *Printed name and title*

Case 2:20-mj-01017 SEALED Filed 06/24/20 Page 1 of 1 Document 1

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Matter No. 2020R00261

## Property to Be Searched

This warrant applies to information associated with the following email addresses and for the following periods, that are stored at premises controlled by Google, a company that accepts service of legal process at 1600 Amphitheatre Parkway in Mountain View, California.

1. bettersalesoffice@gmail.com (from January 1, 2017 to present)

2. bettersalesllc@gmail.com (from January 1, 2017 to present)

3. hashtagfilthy@gmail.com (from January 1, 2017 to present)

**ATTACHMENT B**

**Matter No. 2020R00261**

**Particular Things to be Disclosed and Seized**

**I.      Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each of the accounts or identifiers listed in Attachment A:

a.      All customer information (e.g. name, age, email address, physical address, payment information, telephone numbers) associated with the account;

b.      All records and information regarding the creation of the account and access to the account, including records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, and log-in IP addresses associated with session times and dates.

c.      The types of services utilized;

d.      The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

e.      The contents of all Google Hangout, or other Google chats, associated with the account, including stored or preserved copies of chat conversations sent to and from the account,

the source and destination user associated with each conversation, and the date and time at which each message was sent;

f.      All records, files, and other information stored/saved in the accounts, including information, files, and data saved to Google Drive;

g.      A complete file activity log for any associated Google Drive account;

h.      All records and information and analytics collected by the Provider through the use of cookies or similar technology including the type of browser and device used by the account holder to access the account, the web page visited before coming to Google sites, and other identifiers associated with the devices used by the account holder;

i.      All records and information that identifies a user's actual location;

j.      All records pertaining to communications between the Provider and any person regarding the accounts, including contacts with support services and records of actions taken;

k.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Google.

The Provider is hereby ordered to disclose the above information to the government within 30 days of the issuance of the warrant.

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities related to violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(h), and 843(c)(2)(A), since January 1, 2017, including but not limited to:

a.      The sale and distribution of controlled substances;

b.	The exchange or laundering of funds related to the sale and distribution of controlled substances;

c.	Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

d.	Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

e.	The identity of the person(s) who created or used the account, including records that help reveal the whereabouts of such person(s)

f.	Other accounts used by the persons using the account;

g.	The devices used to access the account;

h.	The identity of the person(s) who communicated with the account about matters relating to the sale and distribution of controlled substances, including records that help reveal their whereabouts;

i.	The identity of persons sharing Google Drive account URLs associated with the account and related to the sale and distribution of controlled substances;

j.	The identity of persons saving, storing, editing, and accessing files and records on Google Drive accounts associated with the account and related to the sale and distribution of controlled substances;

k.	Financial information, credit card numbers, social security numbers, and other personal identifiable information stored on/in Google Drive account; and

l.	Communications and files that contain IP addresses and username and passwords to those IP addresses.

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with the following email
addresses: bettersalesoffice@gmail.com,
bettersalesllc@gmail.com & hashtagfilthy@gmail.com

)
)
)
)
)
)
)

Case No.   21-1017M(NJ)

**Matter No.: 2020R00261**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, over which this Court has jurisdiction pursuant to 18 U.S.C. §§ 2703 and 2711 and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 331, 333, 841 | distribution of controlled substances, including by means of the internet; introduction and receipt of misbranded or adulterated food or drugs |

The application is based on these facts:
See the attached affidavit.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

JOSEPH BIALKOWSKI
(Affiliate)

Digitally signed by JOSEPH
BIALKOWSKI (Affiliate)
Date: 2021.12.13 12:16:40 -06'00'

*Applicant's signature*

Joseph Bialkowski, DEA TFO

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone _____ *(specify reliable electronic means)*.

Date:   December 13, 2021

*Judge's signature*

City and state:   Milwaukee, Wisconsin

Hon. Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

Case 2:20-mj-01017 SEALED  Filed 06/24/20  Page 7 of 21  Document 16

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

**Matter No. 2020R00261**

I, Joseph Bialkowski, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I make this affidavit in support of an application for a search warrant for information associated with certain Google accounts that is stored at premises owned, maintained, controlled, or operated by Google, Inc. ("Google"), a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2), headquartered at 1600 Amphitheatre Parkway, Mountain View, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government records and information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.    I am a Task Force Officer assigned to the Milwaukee District Office of the Drug Enforcement Administration (DEA) as a member of the Tactical Diversion Squad (TDS). I specialize in pharmaceutical investigations. I have worked full-time as a federal task force officer for the past 3 years and a full-time law enforcement officer with the City of Racine Police Department for the past 16 years. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. During my tenure as a law enforcement officer, I have been involved in the investigation of drug traffickers in Racine County, in the State of Wisconsin, across the United States, and internationally. I have received training in the investigation of drug trafficking, money laundering, and computer crimes. I have worked with informants in the investigations of drug trafficking. I have participated in the application for and execution of numerous search warrants. I have participated directly in numerous narcotics investigations and arrests in which controlled substances and drug paraphernalia were seized. I am familiar with methods that are commonly used by drug traffickers to package and prepare controlled substances for sale.

4. The statements in this affidavit are based on my personal knowledge, information I have received from other law enforcement personnel, publicly available information, and from persons with knowledge of relevant facts. Because this affidavit is submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation.

5. Based on the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that the information associated with the accounts identified in Attachment A, will contain evidence and instrumentalities related to violations of Title 21, United States Code, Sections 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance), 841(a)(1) (distribution of a controlled substance), 841(h) (distribution of a controlled substance by means of the Internet), and 843(c)(2)(A) (use of the Internet to advertise or offer the sale of a controlled substance), as further described in Attachment B.

## PROBABLE CAUSE

6. In 2020, the Milwaukee District Office of the DEA initiated an investigation due to a citizen witness reported buying a health supplement from ██████████████

located in Hales Corners, Greenfield, and Racine (all in Wisconsin). This citizen experienced ongoing health problems so he/she had the remaining tablets tested at a private lab. The test results showed the substance was positive for the presence of steroids. DEA Task Force Officers submitted the remaining capsules to the Wisconsin State Crime Laboratory, and the capsules tested positive for the presence of methasterone (a schedule III-controlled substance). ███████████ ████████████ is owned by ████████████ and is the person who sold the citizen witness the supplement in question.

7. Case agents performed multiple controlled buys of products containing illicit steroids and other prohibited dietary ingredients not approved for use by the FDA. These controlled buys were conducted at multiple ██████████████████████████ brick and mortar stores along with an online purchase being completed by FDA agents. Specific products purchased during these operations were "Anabolic Research - Superdrol" dietary supplement, suspected to contain methasterone, and "Anabolic Research - M-Sten" dietary supplement, suspected to contain steroid methylstenbolone.

8. In June of 2021, case agents along with the FDA executed federal search warrants at all ████████████████████████ brick and mortar stores along with the residence of ████ ██████████. Case agents seized multiple boxes of dietary products containing controlled anabolic steroids and FDA banned ingredients, electronic devices, $11,000 USC and documents. Case agents have had the opportunity to interview ██████████ multiple times about the various suppliers of his illegal steroids and banned dietary supplements containing scheduled III controlled substances.

9. Case agents inquired about where ██████████ obtained Anabolic Research Superdrol (methasterone) and M-Sten (methylstenbolone) dietary supplement products.

█████████ stated he ordered Anabolic Research products from a company called "Better Distribution." █████████ stated Better Distribution also manufactured and sold other Anabolic Research products called "DMZ" (dymethazine) and "Tren" (trenbolone). (Agent Note: Methasterone, methylstenbolone, dymethazine, and trenbolone are synthetic steroids and/or prohormones.)

10. █████████ also stated Better Distribution advertises and sells dietary supplement products under the names "Better Labels" and 'Better Sales." █████████ stated Better Distribution started its business sometime in 2015. █████████ stated Better Distribution also manufactured a few of █████████'s private label products. █████████ stated those products included Mass Hysteria, Counter Attack PCT (Post Cycle Therapy), and Complete On-Cycle Support. █████████ stated Better Distribution also manufactures and sells dietary supplement products under the names "Majestic Labs," "Unstoppable," and "SARM Source." █████████ stated he has been ordering dietary supplement products from Better Distribution for approximately four (4) years. █████████ stated he started selling Anabolic Research Superdrol (methasterone) in February 2020 after receiving an email flyer from Better Distribution. █████████ knew that Better Distribution and its related entities were based in various locations in the Western United States, and that product he (█████████) ordered from them was shipped to █████████'s locations here in Wisconsin.

11. █████████ stated that since he has been ordering from Better Distribution for the last four (4) years, he has corresponded with or ordered from the following email addresses: bettersalesoffice@gmail.com, bettersalesllc@gmail.com and hashtagfilthy@gmail.com.

12. Based on my training and experience and the facts described herein, I believe Better Distribution, Better Sales LLC and Better Labels LLC are trafficking illegal steroids and banned

dietary supplements containing scheduled III controlled substances. They are doing this by shipping said illegal supplements within the United States. Based on my training and experience and the facts set forth above, I believe that records and information related to the email addresses bettersalesoffice@gmail.com, bettersalesllc@gmail.com and hashtagfilthy@gmail.com, will contain evidence of these crimes.

13. I know from my training and experience that email records, including email content, often provide details that enable law enforcement to identify the user of the email account and identify his or her location. In this case, the identification of the user of the email account will assist case agents in identifying the true identity and location of the person(s) having control over the email accounts, identification of co-conspirators, financial accounts, the identification of drug suppliers and shippers, identification of customers, and the details revolving around the payment processing of drug purchases.

14. I also know that persons involved with owning or operating businesses, often times communicate by email, which is consistent with the evidence in this investigation. These communications include but are not limited to steroid orders, steroid shipping information, and payments for said steroids. In this investigation specifically, I have spoken with the defendant ███████ who stated they have ordered or discussed illegal steroids with the mentioned GMAIL addresses; therefore, I know that email is one primary form of communication for this steroid investigation.

15. For all of the foregoing reasons, case agents are requesting a search warrant for emails and any user data containing the information set forth in Attachment A for the following email addresses: bettersalesoffice@gmail.com, bettersalesllc@gmail.com and hashtagfilthy@gmail.com **for** the period of January 1, 2017 to the present. These beginning dates are the dates that case

agents are aware that ▮▮▮▮▮▮ began to see advertisements and purchase from them (approximately 4 years). It's believed evidence will be located specific to each email address.

## BACKGROUND CONCERNING GOOGLE

16.     In my training and experience, I have learned that Google provides a variety of online services, including electronic mail ("email") access, to the public.  Google allows subscribers to obtain a free email account at the domain name gmail.com like the accounts listed in Attachment A.  Subscribers obtain an account by registering with Google.  During the registration process, Google asks subscribers to provide basic personal information.  Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved email) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

17.     In general, an e-mail that is sent to a Google subscriber is stored in the subscriber's "mailbox" on Google's servers until the subscriber deletes the e-mail.  If the subscriber does not delete the message, the message can remain on Google's servers indefinitely. Even if the subscriber deletes the e-mail, it may continue to be available on Google's servers for a certain period.

18.     A Google subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Google.  In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

19.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

20.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

21.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically

retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user because of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

22.     In addition to email, Google offers its users a number of other online services.  A list of those services and their feature is available at the following URL: https://support.google.com/.

23.     One of the services Google offers is Google Drive.  Google Drive is a file storage and file sharing application that allows its users to share access to the content of files by sending a URL to others.  According to information available from Google, Google stores the content of those files on their servers.  In my training and experience, information stored on Google Drive may constitute evidence of the crimes under investigation because the information may include records of illicit transactions, payment ledgers, and similar documents.

24.      In my training and experience, and publicly available information from Google, I know that Google uses cookies and similar technology to collect information about its users, including to identify a user's device and browser version.  Google also states that it uses "technologies" to determine a user's actual location. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users and their locations.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

25.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 2713 by using the

warrant to require Google to disclose to the government copies of the records and other information (including the content of communications) described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

26. Pursuant to 18 U.S.C. § 2713, this application seeks a warrant to search all responsive records and information under the control of Google, a provider subject to the jurisdiction of this court, regardless of where Google has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Google's possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.

## CONCLUSION

27. Based on the information described above, I request that the Court issue the proposed search warrant for the accounts listed in Attachment A. Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

28. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

29.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

# ATTACHMENT A

## Matter No. 2020R00261

## Property to Be Searched

This warrant applies to information associated with the following email addresses and for the following periods, that are stored at premises controlled by Google, a company that accepts service of legal process at 1600 Amphitheatre Parkway in Mountain View, California.

1. bettersalesoffice@gmail.com (from January 1, 2017 to present)

2. bettersalesllc@gmail.com (from January 1, 2017 to present)

3. hashtagfilthy@gmail.com (from January 1, 2017 to present)

## ATTACHMENT B

### Matter No. 2020R00261

### Particular Things to be Disclosed and Seized

**I.        Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each of the accounts or identifiers listed in Attachment A:

a.        All customer information (e.g. name, age, email address, physical address, payment information, telephone numbers) associated with the account;

b.        All records and information regarding the creation of the account and access to the account, including records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, and log-in IP addresses associated with session times and dates.

c.        The types of services utilized;

d.        The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

e.        The contents of all Google Hangout, or other Google chats, associated with the account, including stored or preserved copies of chat conversations sent to and from the account,

the source and destination user associated with each conversation, and the date and time at which each message was sent;

f.      All records, files, and other information stored/saved in the accounts, including information, files, and data saved to Google Drive;

g.      A complete file activity log for any associated Google Drive account;

h.      All records and information and analytics collected by the Provider through the use of cookies or similar technology including the type of browser and device used by the account holder to access the account, the web page visited before coming to Google sites, and other identifiers associated with the devices used by the account holder;

i.      All records and information that identifies a user's actual location;

j.      All records pertaining to communications between the Provider and any person regarding the accounts, including contacts with support services and records of actions taken;

k.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Google.

The Provider is hereby ordered to disclose the above information to the government within 30 days of the issuance of the warrant.

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities related to violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(h), and 843(c)(2)(A), since January 1, 2017, including but not limited to:

a.      The sale and distribution of controlled substances;

b. The exchange or laundering of funds related to the sale and distribution of controlled substances;

c. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

d. Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

e. The identity of the person(s) who created or used the account, including records that help reveal the whereabouts of such person(s)

f. Other accounts used by the persons using the account;

g. The devices used to access the account;

h. The identity of the person(s) who communicated with the account about matters relating to the sale and distribution of controlled substances, including records that help reveal their whereabouts;

i. The identity of persons sharing Google Drive account URLs associated with the account and related to the sale and distribution of controlled substances;

j. The identity of persons saving, storing, editing, and accessing files and records on Google Drive accounts associated with the account and related to the sale and distribution of controlled substances;

k. Financial information, credit card numbers, social security numbers, and other personal identifiable information stored on/in Google Drive account; and

l. Communications and files that contain IP addresses and username and passwords to those IP addresses.